25-1368
*Randolph v. Prieur*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand and twenty-six.

PRESENT:     DENNY CHIN,
            STEVEN J. MENASHI,
            MARIA ARAÚJO KAHN,
                 *Circuit Judges.*

_____

EDWARD RANDOLPH,

                 *Plaintiff-Appellant,*

        v.                                                  No. 25-1368

J. PRIEUR, Correction Officer, Great Meadow Correctional Facility, ANDREW ROSE, Correction Officer, Great Meadow Correctional Facility, JAMES VANDENBURGH, Correction Officer, Great Meadow Correctional Facility,

                 *Defendants-Appellees,*

LEON RENAUD, Correction Officer, Great Meadow Correctional Facility, KEVIN DREW, Correction Officer, Great Meadow Correctional Facility, DENNIS SCUDERI, Correction Officer, Great Meadow Correctional Facility, DAVID

SWAN, Correction Officer, Great Meadow Correctional Facility, SEAN MORIN, Correction Officer, Great Meadow Correctional Facility, FRANCIS SCARLOTTA, Correction Officer, Great Meadow Correctional Facility, JOHN DOE, Nurse Administrator, Great Meadow Correctional Facility,

*Consol-Defendants-Appellees,*

ANTHONY J. ANNUCCI, Acting Commissioner of the Department of Corrections and Community Supervision, DOE WAGNER, Captain, Great Meadow Correctional Facility, DONALD E. VENETTOZZI, Former Special Housing Unit Director, JANE DOE, Nurse, Great Meadow Correctional Facility, DOE NESMITH, Physician's Assistant, Great Meadow Correctional Facility,

*Defendants,*

C. WATKINS, Registered Nurse, Great Meadow Correctional Facility, S.A. PEACOCK, FKA JANE DOE, Deputy Superintendent, Great Meadow Correctional Facility, JOHN DOE, Nurse Practitioner, Great Meadow Correctional Facility,

*Consol-Defendants.*[*]

_____

| | |
|---|---|
| *For Plaintiff-Appellant*: | AUSTIN W. PIATT, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, D.C. (Marc Price Wolf, Paul, Weiss, Rifkind, Wharton & Garrison LLP, San Francisco, California, David P. Friedman, Sera C. |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Idoko, Hunter M. Kolon, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, New York, Masha Hansford, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, D.C., *on the brief*).

*For Defendants-Appellees*: JONATHAN D. HITSOUS, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Edward Randolph appeals from a judgment entered after a jury verdict in favor of the defendants-appellees on Randolph's Eighth Amendment excessive force claims arising from two August 2016 incidents at Great Meadow Correctional Facility. Randolph argues that the district court erred by declining to instruct the jury on a theory of liability based on a failure to intervene. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

**I**

"We review challenges to jury instructions de novo." *United States v. Zhong*, 26 F.4th 536, 549 (2d Cir. 2022). "We will overturn a verdict on a challenge to jury instructions only if (1) the instructions were erroneous, and (2) the error was prejudicial." *Moore v. Rubin*, 160 F.4th 271, 296 (2d Cir. 2025) (quoting *Saint-Jean v. Emigrant Mortg. Co.*, 129 F.4th 124, 147 (2d Cir. 2025)); *see also Tardif v. City of New*

3

*York*, 991 F.3d 394, 414 (2d Cir. 2021). "[I]n determining whether a jury instruction was so prejudicial as to warrant overturning the verdict, we must examine the jury charge 'in its entirety'" and recognize "that 'a trial court has discretion in the style and wording of jury instructions, so long as the instructions do not mislead the jury as to the proper legal standard.'" *Moore*, 160 F.4th at 296 (alteration omitted) (quoting *Saint-Jean*, 129 F.4th at 147).

## II

The parties dispute whether Randolph properly preserved a failure-to-intervene theory before the district court. We need not resolve that dispute because we conclude that, even assuming that the district court should have instructed the jury on that theory, the error would have been harmless.

A failure-to-intervene claim requires proof of an underlying constitutional violation. *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). In this case, Randolph claimed that the predicate violation was the use of excessive force in contravention of the Eighth Amendment. To establish such a violation, an inmate must satisfy "both subjective and objective elements." *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). "The objective element is that the injury actually inflicted must be sufficiently serious to warrant Eighth Amendment protection," and "the subjective element" turns "on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

In this case, the jury concluded that Randolph had failed to prove that any officer employed excessive force in violation of the Eighth Amendment. Even if the jury had been instructed that an officer could be found liable for failing to intervene, there was no predicate constitutional violation on which such liability could have been based.

The district court instructed the jury that it could impose liability for excessive force even against officers who themselves did not apply force. It told

4

the jury that "[w]here officers act in concert with each other such as by lending aid or encouragement, the officers are each fully responsible for Mr. Randolph's injuries even though the particular officer in question may not have wielded the instrumentality of harm." J. App'x 1142. The district court explained that "an officer may be liable for using excessive force even if he or she did not strike the blow that caused Mr. Randolph's most significant injury. It is enough that the officer was at the scene and participated in the use of force." *Id.* These instructions authorized the jury to impose liability for a use of excessive force on any officer who was present at the scene and working with the other officers. The instructions did not require the jury to identify the particular officers who actually inflicted his injuries.

The jury returned a verdict that Randolph failed to prove liability for excessive force against any defendant. *See id.* at 1242. On the facts of this case, the verdict shows that the jury determined that there was no unconstitutional use of force that would have triggered a duty to intervene. Randolph does not argue that an officer may be liable for failing to intervene absent a predicate use of excessive force. Indeed, liability for failure to intervene must be based on a showing that an officer committed an underlying constitutional violation and that another officer observed the violation and had a realistic opportunity to prevent it. *See Anderson*, 17 F.3d at 557; *Lennox v. Miller*, 968 F.3d 150, 158 (2d Cir. 2020). Randolph suggests that the verdict might be explained by the inability of the jury to determine which officers used force. But the instructions told the jury that if there was a use of excessive force, all officers who were present and working in concert would be liable.

Randolph focuses on his claim against defendant Vandenburgh, the officer he alleged to have observed but not participated in the use of force against him. Even assuming that the claim was best understood as one for failure to intervene— as opposed to acting in concert with the officers who used force—liability on that claim would require proof that another officer used excessive force during the August 11 incident. Because the jury decided that no officer engaged in an

unconstitutional use of force during that incident, a failure-to-intervene instruction could not have produced a verdict imposing liability on Vandenburgh.

*　　*　　*

We have considered Randolph's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court